■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. CARMINE ALFONSO, Respondent. THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v.

ANDREW ALFONSO, Respondent.— Appeal from an order of the County Court, Westchester County, dated December 30, 1957 granting respondents' motion to dismiss the indictments returned against them on March 26, 1956 and April 24, 1957, for lack of prosecution. Order affirmed. No opinion. Murphy, Ughetta and Hallinan, JJ., concur; Nolan, P. J., and Beldock, J., dissent and vote to reverse the order and to deny the motion, with the following memorandum: In our opinion there was no undue delay in bringing respondents to trial on any indictment, and good cause was shown by appellant why the indictments should not have been dismissed. The conspiracy indictment, handed up on April 24, 1957, was moved for trial one week after respondents had entered pleas of not guilty thereto and was adjourned for trial to June 17, 1957 on motion of an attorney for respondents' codefendants. No objection was made by respondents to such adjournment. Thereafter, on June 17, 1957, the indictments, including those returned against respondents on March 26, 1956, were consolidated for trial, without objection by respondents, and the trial was commenced, but the selection of the jury was not completed. The record establishes that thereafter, although the trial was adjourned from time to time, the People were ready to try these cases every time they appeared on the trial calendar and did not request adjournments, which were granted by the court, because of the illness of an attorney for respondents' codefendants, and for other reasons which the court considered sufficient. With respect to the indictments which were returned in 1956, and which were later consolidated, the record discloses that the delay in bringing them to trial was caused by motions for various types of relief made by respondents and by an appeal taken to this court from an order denying a motion by respondents, which was never perfected, and which was dismissed in February, 1957. Pending the appeal, and in December, 1956, a motion to dismiss the indictments was denied, on a showing that there were awaiting determination many felony cases, in which cases the defendants were confined in jail, that the District Attorney was moving cases for trial as expeditiously as possible, and that the trial of a case involving an indictment for murder in the first degree and other serious felony cases had already been scheduled for trial for the month of January. Respondents had been released on bail, and the District Attorney desired, if possible, to dispose of other pending indictments against defendants confined in jail awaiting trial. No complaint appears to have been made by respondents after the denial of the motion to dismiss in 1956, until the adjournments of the trial in June, 1957 and thereafter, and the making of the motion which resulted in the order appealed from in December, 1957. In our opinion the delay in bringing respondents to trial in 1956 on the earlier indictments was entirely justified, in view of their own tactics, which contributed substantially to the delay. Thereafter the delay was due to no fault of the District Attorney. Neither may it be said that the adjournments granted by the court were unreasonable or unjustified by the circumstances then existing.